O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAVIDIA L. BUCKLEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,[1]<br>Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | Case No. EDCV 12-1343-OP<br><br>MEMORANDUM OPINION AND ORDER |

The Court[2] now rules as follows with respect to the disputed issue listed in the Joint Stipulation ("JS").[3]

---

[1] Carolyn W. Colvin, the current Acting Commissioner of Social Security, is hereby substituted as the Defendant herein. See Fed. R. Civ. P. 25(d)(1).

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (ECF Nos. 6, 7.)

[3] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which

(continued...)

# I.

# **DISPUTED ISSUE**

As reflected in the Joint Stipulation, the disputed issue raised by Plaintiff as the ground for reversal and/or remand is whether the Administrative Law Judge ("ALJ") properly considered Plaintiff's testimony. (JS at 4.)

# II.

# **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

///

///

///

---

[3](...continued)
party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g). (ECF No. 4 at 3.)

# III.
# **DISCUSSION**

**A.     The ALJ's Findings.**

The ALJ found that Plaintiff has the following severe impairments: diabetes mellitus, type two; obesity; and history of chronic obstructive pulmonary disease ("COPD"). (Administrative Record ("AR") at 23.) The ALJ concluded that Plaintiff retains the residual functional capacity ("RFC") to perform a range of light work with the following limitations: lift and/or carry twenty pounds occasionally and ten pounds frequently; sit without restrictions with normal breaks; stand and/or walk four hours of an eight-hour workday with normal breaks; and perform occasional postural activities. (Id. at 24.) The ALJ stated Plaintiff is precluded from climbing ladders, ropes or scaffolds; unprotected height; and balancing; and should avoid pulmonary irritants. (Id.)

Based on the testimony of the vocational expert ("VE"), the ALJ determined Plaintiff could perform her past work as a receptionist as generally performed in the national and regional economy, and as a data entry clerk as actually performed by Plaintiff, and as generally performed in the national and regional economy. (Id. at 27.) Thus, the ALJ determined that Plaintiff has not been under a disability as defined by the Social Security Act. (Id.)

**B.     The ALJ Properly Evaluated Plaintiff's Credibility.**

Plaintiff contends that the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's subjective complaints. (JS at 6-15, 23.) Specifically, she states that the decision "is void of any sufficient rationale at all as to why the ALJ ignored and disregards Ms. Buckley's testimony." (Id. at 7.) She also contends that aside from a brief mention of Plaintiff's daily activities, the ALJ rejected Plaintiff's testimony using boilerplate language "because that testimony is inconsistent with what the ALJ believes it should be," or only because it lacks support in the objective medical evidence. (Id. at 8-9.)

1  Moreover, Plaintiff claims that simply because she attempts to maintain "some
2  semblance of normalcy in his [sic] life by having minimal activities of daily
3  living," or looks for work, this is not a valid rationale for rejecting her testimony.
4  (Id. at 10-11.)  She also claims that her performance of some minimal daily
5  activities does not correspond to an ability to perform work activity.  (Id. at 12-
6  13.)

   **1.   Legal Standard.**

8  An ALJ's assessment of pain severity and claimant credibility is entitled to
9  "great weight."  Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v.
10 Heckler, 779 F.2d 528, 531 (9th Cir. 1986).  When, as here, an ALJ's disbelief of
11 a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ
12 must make explicit credibility findings.  Rashad v. Sullivan, 903 F.2d 1229, 1231
13 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also
14 Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that
15 claimant was not credible is insufficient).

16 Once a claimant has presented medical evidence of an underlying
17 impairment which could reasonably be expected to cause the symptoms alleged,
18 the ALJ may only discredit the claimant's testimony regarding subjective pain by
19 providing specific, clear, and convincing reasons for doing so.  Lingenfelter v.
20 Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  An ALJ's credibility finding
21 must be properly supported by the record and sufficiently specific to ensure a
22 reviewing court that the ALJ did not arbitrarily reject a claimant's subjective
23 testimony.  Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991).  An ALJ
24 may properly consider "testimony from physicians . . . concerning the nature,
25 severity, and effect of the symptoms of which [claimant] complains," and may
26 properly rely on inconsistencies between claimant's testimony and claimant's
27 conduct and daily activities.  See, e.g., Thomas v. Barnhart, 278 F.3d 947, 958-59
28 (9th Cir. 2002) (citation omitted).  An ALJ also may consider "[t]he nature,

location, onset, duration, frequency, radiation, and intensity" of any pain or other symptoms; "[p]recipitating and aggravating factors"; "[t]ype, dosage, effectiveness, and adverse side-effects of any medication"; "[t]reatment, other than medication"; "[f]unctional restrictions"; "[t]he claimant's daily activities"; "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment"; and "ordinary techniques of credibility evaluation," in assessing the credibility of the allegedly disabling subjective symptoms. Bunnell, 947 F.2d at 346-47; see also Soc. Sec. Ruling 96-7p; 20 C.F.R. 404.1529 (2005); Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly rely on plaintiff's daily activities, and on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support, lack of treatment, daily activities inconsistent with total disability, and helpful medication); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on the fact that only conservative treatment had been prescribed); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on claimant's daily activities and the lack of side effects from prescribed medication).

### 2. **Analysis.**

As stated by the ALJ, Plaintiff alleged problems with bad vision, chest pains, and back and knee problems. (AR at 24-25.) She alleged her vision problems contributed to her stopping work. (Id. at 24.) She claims her chest, back, and knee problems make it difficult to move around, she has to lie down to rest, and her balance is also affected. (Id. at 24-25.) She also contends her knee pain keeps her from exercising and walking, and she is unable to do data entry because of stress. (Id. at 25.)

In his decision, the ALJ generally discounted Plaintiff's credibility as follows:

> The undersigned finds the claimant's allegations concerning the intensity, persistence and limiting effects of her symptoms are less than fully credible. The allegations of bad vision, chest pains, and back and knee problems are inconsistent with the objective medical evidence, which indicates an attempt by the claimant to exaggerate the severity of her symptoms. The claimant has described a rather normal level of everyday activities despite her alleged limitations. For instance, the claimant acknowledged she cooked and cleaned. The claimant reported to the consultative examiner she occasionally took care for her five grandchildren. She admitted she had looked for employment. The physical and mental capabilities requisite to performing many of the tasks described above replicate those necessary for obtaining and maintaining employment.

(Id. (citation omitted).)

The Court finds that the ALJ provided clear and convincing reasons for the discounting of Plaintiff's subjective complaints.

First, the ALJ found that Plaintiff's activities of daily living were inconsistent with the alleged severity of her symptoms. Specifically, he noted that Plaintiff cooked, cleaned, shopped, drove, looked for employment, and occasionally took care of her five grandchildren. (Id. at 24, 25.) These are clear and convincing reasons for discounting Plaintiff's credibility. Morgan, 169 F.3d at 600 (claimant's ability to fix meals, do laundry, work in the yard, and occasionally care for friend's child was evidence of ability to work); Tidwell, 161 F.3d at 602 (ALJ may properly rely on weak objective support, lack of treatment, daily activities inconsistent with total disability, and helpful medication); Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1990) (claimant's ability to take care of her personal needs, prepare easy meals, do light housework, and shop for groceries inconsistent with claim she was precluded from all work activity). The

ALJ's interpretation was reasonable. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005) ("Although the evidence of [the claimant's] daily activities may also admit of an interpretation more favorable to [her], the ALJ's interpretation was rational, and '[w]e must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation.'").

Next, the ALJ also found that Plaintiff's treatment records showed that she received "minimal, routine, and conservative treatment since the alleged onset date." (AR at 25.) Moreover, he found that her symptoms improved with treatment and helpful medications. (Id. at 24 (although her vision had declined due to diabetes, Plaintiff acknowledged her vision improved after about five months of treatment), 25 (Plaintiff's COPD and hypertension under good control with medications).) As such, the ALJ properly discounted Plaintiff's allegations that her symptoms cause anything more than minimal limitations. Warre v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments that can be controlled effectively with medication are not disabling for purposes of eligibility for benefits); Johnson, 60 F.3d at 1432 (ALJ may properly rely on the fact that only conservative treatment had been prescribed); Odle v. Heckler, 707 F.2d 439, 440 (9th Cir. 1983) (where claimant's multiple impairments were controllable by medication or other forms of treatment, ALJ did not err by finding impairments did not significantly limit claimant's exertional capabilities).

Finally, the ALJ found that Plaintiff's allegations of bad vision, chest pains, and knee and back problems were inconsistent with the objective medical evidence and indicated an attempt by Plaintiff to exaggerate the severity of her symptoms. (AR at 25.) Although a lack of objective medical evidence may not be the sole reason for discounting a plaintiff's credibility, it is nonetheless a legitimate and relevant factor to be considered. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Here, the ALJ noted that the consultative examiner found that Plaintiff had a history of COPD and hypertension, currently under

1. control with medications; history of low back pain; and history of diabetes.  (AR
2. at 26 (citations omitted).)  The consultative examination showed unremarkable
3. findings:  Plaintiff's lungs had good air movement with no rales or rhonchi; her
4. heart had a regular rate and rhythm, without gallops or murmers; straight leg
5. raises were negative; she had a full range of motion in her upper and lower
6. extremities; her gait was normal; she did not use an assistive device for
7. ambulation; a chest x-ray showed mild uncoiling of the aorta; and findings from
8. the neurological examination were also unremarkable.  (Id. (citations omitted).)
9. The consultative examiner opined that Plaintiff could lift and/or carry fifty pounds
10. occasionally and twenty-five pounds frequently; pull within the same weight
11. restrictions; stand and/or walk six hours out of an eight-hour workday; and sit for
12. six hours out of an eight-hour workday – a range of medium work.  (Id. (citations
13. omitted).)  Although he gave "some weight" to this opinion, the ALJ also gave
14. Plaintiff "every benefit of the doubt," and assessed greater limitations, "taking
15. into consideration the entirety of the claimant's impairments, along with the
16. testimony of the claimant, so far as that testimony is credible."  (Id.)

17. Ultimately, the lack of objective medical evidence supporting Plaintiff's
18. alleged impairments, her conservative treatment, her response to medication, and
19. her significant activities of daily living amounted to clear and convincing reasons
20. for rejecting her credibility.  Tidwell, 161 F.3d at 602 (ALJ may properly rely on
21. weak objective support, lack of treatment, daily activities inconsistent with total
22. disability, and helpful medication).

23. Based on the foregoing, the Court finds the ALJ's credibility finding was
24. supported by substantial evidence and was sufficiently specific to permit the Court
25. to conclude that the ALJ did not arbitrarily discredit Plaintiff's subjective
26. testimony.  Thus, there was no error.
27. / / /
28. / / /

## IV.
## **ORDER**

Based on the foregoing, IT IS THEREFORE ORDERED, that judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

Dated: May 21, 2013

_____
HONORABLE OSWALD PARADA
United States Magistrate Judge